UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALEKE NASIER, | No. 2:19-cv-01296-JAM-CKD-P |
| Plaintiff, | |
| v. | ORDER |
| K. LEE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff is currently an inmate at the California State Prison-Corcoran ("Corcoran"). On or about August 2009, plaintiff was falsely identified as a member of the "Black Gorilla Family"

2

("BGF") gang. ECF No. 1 at 1-2. This led to his placement in "administrative lockdown" followed by years of suicide attempts and death threats from various gang members at different prisons throughout California. ECF No. 1 at 2. Some time in 2014 plaintiff was seen by the Departmental Review Board which recognized that the BGF designation had been false. ECF No. 1 at 2. According to plaintiff, he was told that the gang designation would be expunged from his prison records. Id. However, even five years later, the gang validation remains in plaintiff's prison file. ECF No. 1 at 3.

Plaintiff names three individual correctional officers as defendants in this action, and he generally alleges that they "accepted the false information without vetting it for the truth." ECF No. 1 at 3. According to plaintiff, this violated his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. However, plaintiff does not identify what prison the defendants worked at or how they were responsible for reviewing the confidential information submitted in support of plaintiff's gang validation. By way of relief, plaintiff seeks the expungement of this gang validation from his prison file, a restraining order preventing retaliation against him, reclassification to a lower security status within CDCR, as well as compensatory and punitive damages. ECF No. 1 at 3-4.

### III.  Legal Standards

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be a connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The Fourteenth Amendment's Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim for violating the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. A liberty interest may arise from the Due Process Clause itself or from state law. Id. at 557. The existence of a liberty interest created by state prison regulations is determined by focusing on the nature of the deprivation at issue. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

When placement in administrative segregation impairs an inmate's liberty interest, the Due Process Clause requires prison officials to provide the inmate with "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). In addition to the notice and opportunity for presentation requirements, due process requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985). This standard is met if there is "some evidence" from which the conclusion of the administrative official could be based. Hill, 472 U.S. at 455. The "some evidence" standard also applies to an inmate's placement in SHU based on their gang affiliation. See Bruce, 351 F.3d at 1287–88; Castro v. Terhune, 712 F.3d 1304, 1307 (9th Cir. 2013); Madrid v. Gomez, 889 F.Supp. 1146, 1271 (N.D. Cal. 1995) ("defendants may not confine prison gang members in the SHU, nor hold

4

them there on indeterminate terms, without providing them the quantum of procedural due process required by the Constitution.").

Additionally, the evidence relied upon to confine an inmate to the SHU for gang affiliation must have "some indicia of reliability" to satisfy due process requirements. Madrid, 889 F.Supp. at 1273–74; see also Cato v. Rushen, 824 F.2d 703, 705 (1987) (evidence relied upon by a prison disciplinary board must have "some indicia of reliability"). When this evidence includes statements from confidential informants, such as in the plaintiff's case, the record must contain "some factual information from which the committee can reasonably conclude that the information was reliable." Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987). The record is also required to contain "a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name." Id. A court's review of the reliability of the evidence used against the prisoner is deferential in nature. See Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir. 1985).

### IV. Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Specifically, plaintiff has not alleged in specific terms how each defendant was involved, if at all, in his gang validation. In this regard, plaintiff's complaint fails to allege a specific causal link between the actions of these named defendants and the claimed constitutional violations. Therefore, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.       Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read your complaint and concluded that it fails to state a cognizable claim for relief against any named defendant. The problems with your complaint may be fixable so you are being given the chance to file an amended complaint within 30 days of the date of this order. If you choose to file an amended complaint, pay careful attention to the legal standards governing your claims that are listed in this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

/////
/////
/////
/////

number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 13, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/nasi1296.14.docx