UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALEKE NASIR,<br><br>        Plaintiff,<br><br>    v.<br><br>K. LEE, et al.,<br><br>        Defendants. | No.  2:19-cv-01296-JAM-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On March 16, 2020, plaintiff's complaint was dismissed, but he was granted leave to file an amended complaint. (ECF No. 11.) Plaintiff's first amended complaint is now before the court for screening.

      **I.**     **Screening Requirement**

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

   In order to avoid dismissal for failure to state a claim a complaint must contain more than
"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
at 678.  When considering whether a complaint states a claim upon which relief can be granted,
the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
U.S. 232, 236 (1974).

**II.     Allegations in the First Amended Complaint**

In a two-page amended complaint, plaintiff names four supervisory defendants whom he alleges failed to adequately vet the information that was used to validate him as a gang associate on July 22, 2015.

**III.    Analysis**

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Other than conclusory assertions of the defendants' obligation to vet confidential information, plaintiff does not identify what specific actions each individual defendant took that led to his gang validation.  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not

sufficient to state a valid cause of action.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, plaintiff's complaint must be dismissed.

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  As it appears further amendment would be futile, the undersigned recommends that this action be dismissed without further leave to amend.

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your amended complaint be dismissed because it fails to state any cognizable claim for relief.  Allowing you to amend the complaint again would be futile.  As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed.  If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint (ECF No. 21) be dismissed without further leave to amend for failing to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 17, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/nasi1296.F&R.docx